UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES L RAFFERTY JR.,

              Plaintiff,

-against-

JUDGE LAURA TAYLOR SWAIN,

              Defendant.

25-CV-8815 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against the Honorable Laura Taylor Swain. By order dated October 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *IFP* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations

omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P.8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not  accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id*. at 678-79.   After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief.  *Id* at 678.

### BACKGROUND

The following facts are drawn from the complaint.[1]  Plaintiff James L. Rafferty states that the events giving rise to his claims occurred at 500 Pearl St, New York, NY.  In 2019, "Hon NYSSC Justice found a large group of criminals guilty of attempting to take" Plaintiff's life.[2]  Plaintiff asserts that the guilty parties faced "possible jail time," and that he was "awarded $235,000" with an agreement that the disbursement process would take "about 5 years."  (ECF 1

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] "Hon NYSSC Justice" appears to be a reference to the Defendant, Chief Judge Swain, though she is a district judge for the United States District Court for the Southern District of New York, not a justice of the Supreme Court of the State of New York.

at 4.) Plaintiff contends that the agreed time for him to receive payment has passed without resolution, leading to his financial hardship, including reliance on food pantries and Social Security Disability benefits.

Plaintiff brings this action against Chief Judge Swain, for alleged violations of his constitutional rights. He seeks $100 million in damages.[3]

## DISCUSSION

**A.    Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Judicial immunity does not apply when the judge acts "outside" her judicial capacity, or "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature), but "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

---

[3] Plaintiff also makes inappropriate remarks that appear to be directed to Defendant, which could be viewed as threatening. He states, "What value be a human beings life? What value be yours? Since you tried to take mine?" (ECF 1 at 5.)

3

Plaintiff's claims against Chief Judge Swain arise from his allegations that, in 2019, she presided over proceedings against wrongdoers who had victimized him.[4]  Plaintiff fails to allege any facts to suggest that Chief Judge Swain acted beyond the scope of her judicial responsibilities or outside of her jurisdiction.  *See Mireles*, 502 U.S. at 11-12.  Because Plaintiff sues Chief Judge Swain for "acts arising out of, or related to, individual cases before [her]," Chief Judge Swain is immune from suit for such claims.  *Bliven*, 579 F.3d at 210.

The Court therefore dismisses Plaintiff's claims against Chief Judge Swain because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and are consequently frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B.    Leave To Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  . Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, filed *IFP* under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of judicial immunity, as frivolous, for failure to state a claim on which relief may be

---

[4] Plaintiff has not identified such proceedings, and he makes references to state court; it is therefore unclear to what legal matter Plaintiff refers.

granted, and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *IFP* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated: November 5, 2025          /s/ Kimba M. Wood
       New York, New York

                                         KIMBA M. WOOD
                                   United States District Judge